PETER A. HARVEY
Attorney General of New Jersey
RJ Hughes Justice Complex
P.O. Box 093
Trenton, New Jersey 08625

By:   Masha Rozman
      Deputy Attorney General
      (609) 633-1309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF MERCER

| | | |
|---|---|---|
| UNITED STATES | ) | HONORABLE Garrett E. Brown, Jr. |
| | ) | Case Number: 04-162(GEB) |
| v. | ) | |
| HARRY PARKIN | ) | AFFIDAVIT IN SUPPORT OF MOTION TO QUASH SUBPOENA |
| | ) | |

State of New Jersey :
                    : ss
County of Mercer    :

Daniel DiLella, of full age, being duly sworn according to law, upon his oath deposes and says:

1.   I am a Deputy Attorney General with the State of New Jersey Department of Law and Public Safety, Division of Law. On February 18, 2005, I received a subpoena to testify as well as produce documents for February 23, 2005 at 1:00 p.m., in the United States District Court at the place, date and time specified, or any subsequent place, date and time set by the Court. (See, copy of subpoena attached to brief in support of motion to quash.)

2. At present I am assigned as an attorney to the Solid Waste Section/A-901. The New Jersey Legislature adopted A-901 in 1983, as a supplement to the Solid Waste Management Act, N.J.S.A. 13:1E-1 et seq., in response to a long history of the vulnerability of the waste industry to "corrupting influences." N.J.S.A. 13:1E-126 et seq. In the preface to A-901, the legislature expressly recognized that the waste industry is a sensitive one requiring strict regulation of the entities and individuals seeking to participate therein.

3. The Legislature intended, through A-901, to exclude "from any position of authority or responsibility any person known to be so deficient in reliability, expertise or competency with specific reference to the solid or hazardous waste industries that his participation would create or enhance the dangers of unsound, unfair or illegal practices, methods or activities in the conduct of the business of these industries." Id.

4. A-901 requires, therefore, disclosure and investigation not only of the entity seeking a license, but also of its owners, officers, directors, partners, key employees and holders of debt liability. N.J.S.A. 13:1E-127(e)(1) and (2). The records compiled in this regard are, accordingly, records of regularly conducted activity by DEP and the Division of Law and Public Safety within

the Office of the Attorney General as well as official State records.

5. In response to a subpoena served by Mr. Parkin's former lawyer on or about January 13, 2005, I forwarded, on behalf of DEP, 58 separate items that are included in the agency's file. Thereafter, on February 7, 2005, I forwarded 19 additional documents. I am prepared again to provide Mr. Parkin with copies of the materials that previously were provided and to certify that they are true records of regularly conducted State activity and official public records compiled under the authority of the A-901 statute.

6. Investigation of A-901 applicants is conducted by the Solid/Hazardous Unit of the New Jersey State Police, which was created expressly for such investigations. Results of the investigations are forwarded to the Division of Law, the legal counsel for the Department of Environmental Protection, ("DEP") which renders legal advice to the agency on whether or not the standards of A-901 are met in any given case. N.J.S.A. 13:1E-128. The Legislature has expressly stated that the Department cannot issue a license unless that applicant meets the standards set forth in A-901.

7. Pursuant to my duties as a Deputy Attorney General in A-901, it is my responsibility to make a licensure recommendation to the DEP. The DEP may accept, reject or modify my recommendation.

8. Any testimony of mine with respect to investigative findings of the State Police would be based upon hearsay. Most of the questions Mr. Parkin raises can be answered by other parties with personal knowledge, e.g., the Fiumefreddos who can answer questions regarding themselves and any business activity they may have. I myself only became aware of their existence through my review of the A-901 file for Central Jersey Waste and Recycling solid waste licensure application. I have no first hand knowledge as to when the Fiumefreddos filed certain applications and/or documents.

9. I make this Affidavit in support of the within Motion to Quash Subpoena. The statements that I have made herein are true. I am aware that if any of my statements are willfully false, I may be punished by law.

Daniel DiLella, DAG

Sworn and Subscribed
before me this 23rd day
of February, 2005.

ATTORNEY AT LAW

-4-